

**SIGNED THIS 28th day of May, 2025**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**

Rebecca B. Connelly
Rebecca B. Connelly
UNITED STATES BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA

**In re:**
**PALLADIO DESIGNS LLC,**                                  **Chapter 7**
  **Debtor.**                                              **Case No. 25-60538**

## ORDER AND NOTICE OF HEARING ON POTENTIAL DISMISSAL

On May 5, 2025, Palladio Designs LLC, by counsel, filed a voluntary chapter 7 petition. *See* ECF Doc. No. 1.  The petition was signed by Althea Hurt Randolph, an attorney who is admitted to practice in this Court. *See id.*  The petition was filed in paper form over the counter in the Clerk's Office in Roanoke, Virginia.

Federal Rule of Bankruptcy Procedure 5005(a)(3)(A) provides that "[a]n entity represented by an attorney must file electronically, unless nonelectronic filing is allowed by the court for cause or is allowed or required by local rule."  Fed. R. Bankr. P. 5005(a)(3)(A).  Palladio Designs LLC filed nonelectronically even though represented by counsel.  Further, since the filing of the petition and other documents on the petition date, Palladio Designs LLC has continued to file nonelectronically.  *See* ECF Doc. Nos. 16–18.  But yet, no "cause" has been shown to permit nonelectronic filing, and this Court's Local Rules require electronic filing by entities represented by an attorney.  Accordingly, Palladio Designs LLC continues to violate Federal Rule of

Bankruptcy Procedure 5005.  Going forward, all filings made by counsel in this case must be made electronically.

The nonelectronic filing is not the only issue in this case.  Along with an amended petition page, on May 5, 2025, Palladio Designs, LLC provided a mailing matrix listing two creditors: (i) First Bank & Trust Company (with an address of the law firm Flora Pettit, PC as Substitute Trustee) and (ii) Louis Salomonsky[1]/Hill Building LLC.  *See* ECF Doc. No. 2.  When the balance of schedules were filed on May 16, 2025, Palladio Designs LLC scheduled two additional creditors not listed on the original mailing matrix: (i) Sean Cloney and (ii) Clarence Taylor.

The Court provides notice of the bankruptcy case to all the entities listed on the mailing matrix filed with the petition.  While the Court sent the Notice of Chapter 7 Bankruptcy Case on May 5, 2025, to the entities listed on the mailing matrix filed with the petition, the newly added creditors scheduled in this case did not receive notice of this case because they were not on the matrix.  *See* ECF Doc. Nos. 7, 10.  The notice provides important information and deadlines that must be provided to creditors, including that the date and time of the section 341 meeting of creditors and the deadline to file a proof of claim.

When a debtor files schedules after the petition, Local Rule 1007-1(B) requires that the debtor file the Certification Regarding Balance of Schedules.  Bankr. W.D. Va. L.R. 1007-1(B).  The certification informs the Court whether creditors have been added to the schedules that were not on the original mailing matrix. If new creditors have been added in this manner (i.e., by listing creditors on the schedules that were not listed on the mailing matrix filed with the petition), counsel for the debtor must certify that counsel has amended the mailing matrix to add those creditors, that

---

[1]     The handwritten petition that counsel purportedly prepared is hardly legible.  The mailing matrix filed on the petition date appears to list the creditor as "Louis Salamorek."  The Clerk's Office input the mailing matrix into the Courts system with this name.  However, based on the typewritten Schedule D filed in this case on May 16, 2025, the creditor's name appears to be "H. Louis Salomonsky."

2

counsel has paid the mailing matrix amendment filing fee, and that counsel has sent a copy of the notice of bankruptcy to the newly added entities.

Palladio Designs LLC, through counsel, added creditors to the schedules without filing the required certification.  Counsel for Palladio Designs LLC has failed to provide the Court with a certification that those newly added creditors have been *timely* provided with notice of the bankruptcy.

Because the certifications and updated mailing matrix have not been filed with the Court, the Court may dismiss the case pursuant to Bankruptcy Code sections 707(a)(2) and 521(a)(1)(A), as well as Local Rule 1007-1(C).  Section 521(a)(1)(A) of the Bankruptcy Code requires a debtor to file "a list of creditors."  11 U.S.C. § 521(a)(1)(A).  Federal Rule of Bankruptcy Procedure 1007 carries out this requirement by requiring that "the debtor must file with the petition a list containing the name and address of each entity included *or to be included* on Schedules D, E/F, G, and H of the Official Forms."  Fed. R. Bankr. P. 1007(a)(1) (emphasis added).  Pursuant to Local Rule 1007-2, this list of creditors, also known as the "mailing matrix," "is to be a complete list of creditors of the case."  Bankr. W.D. Va. L.R. 1007-2(A).  Local Rule 1007-2(A) further provides that "[t]he filing of a mailing matrix is certification that it is a complete and correct list of all creditors of the debtor(s)."  *Id.*  Failure to comply with Local Rule 1007-1(B)'s requirement to complete and file the Certification Regarding Balance of Schedules "may result in the dismissal of the case without further notice or hearing."  Bankr. W.D. Va. L.R. 1007-1(C).

Accordingly, counsel for Palladio Designs LLC must (i) provide the notice of the bankruptcy to each of the creditors on the schedules (ii) file the Certification Regarding Balance of Schedules required by Local Rule 1007-1(B), (iii) amend the mailing matrix to include *all*

3

creditors listed on the debtor's schedules, and (iv) pay the fee for amending the mailing matrix. Failure to do so is grounds to dismiss this case.  Accordingly, it is

**ORDERED**

that Althea Hurt Randolph, counsel for Palladio Designs LLC, shall appear before this Court on June 5, 2025, to show cause why this case should not be dismissed.  The hearing on **June 5, 2025, at 10:00 AM shall be held by video using Zoom software**.  Participants may access the hearing using the following **URL: https://vawb-uscourts-gov.zoomgov.com/j/1603692643**.  Alternatively, parties may log in to their Zoom account and join the meeting using Meeting ID number 160 369 2643.  It is further

**ORDERED**

that Palladio Designs LLC is prohibited from filing any papers or pleadings nonelectronically, pursuant to Federal Rule of Bankruptcy Procedure 5005.  Counsel for Palladio Designs LLC, Althea Hurt Randolph, shall file all papers or pleadings or other items only by electronic means in this case.  Should Ms. Randolph object to complying with Federal Rule of Bankruptcy Procedure 5005, she must file an objection to this order and set it for a hearing to be held on **June 5, 2025, at 10:00 AM by video using Zoom software**.  It is further

**ORDERED**

that counsel for Palladio Designs LLC (i) provide the notice of the bankruptcy to each of the creditors on the schedules and electronically file a certificate of service after she has done so, (ii) electronically file the Certification Regarding Balance of Schedules required by Local Rule 1007-1(B), (iii) electronically file an amended mailing matrix with *all* creditors listed on the debtor's schedules, and (iv) pay the fee for amending the mailing matrix.  In determining whether

4

to dismiss this case at the June 5, 2025 hearing, the Court will take into account whether counsel has completed these actions prior to the hearing.

Copies of this order are directed to be sent to debtor; counsel for the debtor; the chapter 7 trustee; and the Office of the United States Trustee.

**End of Order**